IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**KEVIN FLYTHE,**

      **Petitioner,**

**v.**              **CIVIL ACTION NO.: 3:18-CV-57**

**JENNIFER SAAD, Warden,**

      **Respondent.**

## REPORT AND RECOMMENDATION

### I.  INTRODUCTION

On April 23, 2018, Petitioner acting *pro se* filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 (the "Petition"). ECF No. 1.[1] Petitioner is a federal inmate housed at FCI Gilmer who is challenging the calculation of his good time credits. Petitioner also filed with his petition a five-page memorandum in support of the petition [ECF No. 1-1] and fourteen pages of exhibits [ECF Nos. 1-2 and 1-3].

The matter is now before the undersigned for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2. For the reasons set forth below, the undersigned recommends that the Petition be denied and dismissed.

---

[1] All ECF numbers refer to entries in the docket of Civil Action No. 3:18-CV-57, unless otherwise noted.

## II.    FACTS

### A.    Conviction and Sentence[2]

On February 3, 1995, Petitioner was convicted of five felony charges in the District of Columbia Superior Court following a jury trial.  On or about March 15, 1995[3], Petitioner was sentenced to: not less than 10 years nor more than 30 years for his convictions for Counts 2 and 3 of the indictment; not less than 5 years nor more than 15 years for Count 4 of the indictment; and to not less than 30 years to life for his convictions for Counts 5 and 6 of the indictment.  All those sentences were to be served concurrently with one another.

Petitioner filed an appeal with the District of Columbia Court of Appeals on March 17, 1995[4].  On May 11, 1998, Petitioner's conviction was affirmed in part and remanded in part, by Memorandum Order and Judgment ("MOJ")[5] and the case was remanded by mandate issued on September 11, 1998.  On December 11, 1998, Petitioner filed a petition for a writ of certiorari with the Supreme Court of the United States, which denied the petition for certiorari on January 13, 1999.

---

[2] The facts in section II are taken from the docket of Petitioner's criminal case, Case Number F4316-94 in the District of Columbia Superior Court, which is available online at https://eaccess.dccourts.gov/eaccess/home.page.2.  The images associated with that docket are not available online.  Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record"); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice of ascertainable facts is in noticing the contents of court records.'").

[3] In his Petition, Petitioner claims that he was sentenced on May 17, 1994 [ECF Nos. 1 at 2, 1-1 at 2], however, a review of the District of Columbia Superior Court reflects otherwise.

[4] Additional facts in section II are taken from the docket of Petitioner's criminal appeal, 95-CF-0349, which is available online at  https://www.dccourts.gov/court-of-appeals/e-filing-search-cases-online.  The images associated with that docket are not available online.

[5] The District of Columbia Court of Appeals' opinions and memoranda orders and judgments ("MOJ") are not published but are available online.  However, those online opinions and MOJs are only available starting from September 1999.  https//www.dccourts.gov/court-of-appeals.

On February 23, 1999, Petitioner was resentenced. The docket sheet notes that Counts 3 and 5[6] were disposed of by that date, and that Petitioner was resentenced to: not less than 10 years nor more than 30 years for Count 2; not less than 5 years nor more than 15 years for Count 4; and not less than 30 years to life for his conviction for Count 6, which included mandatory minimum application.

The docket shows a third sentencing date on March 21, 2003 where Petitioner was resentenced to not less than 10 years nor more than 30 years for Count 2, and to not less than 30 years to life for his conviction for Count 6, which included mandatory minimum application.

B.   **Instant 2241 Petition**

Petitioner presents three claims for relief as questions for the Court to consider: (1) does a warden have authority to ensure that Petitioner receives his good time credit ("GTC")? [ECF No. 1 at 5]; (2) are good time credits applicable to Petitioner's case? [Id. at 6]; and (3) are inmates sentenced under the District of Columbia GTC Act eligible to receive GTC for both prison conduct and educational achievements? [Id.].   For relief, Petitioner requests that the Court resentence him consistent with the District of Columbia's Good Time Credit Act.  ECF No. 1 at 8.

### III.   LEGAL STANDARD

A.   **Review of Petitions for Relief**

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is

---

[6] Although it is unclear how Counts 3 and 5 were disposed of by this date, it appears that the District of Columbia Court of Appeals may have disposed of those matters in Petitioner's appeal to that Court.

3

charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

### B. Pro Se Litigants.

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[7] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but

---

[7] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

> also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

### C. Post-Conviction Remedies and Relief

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction. By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. "In a § 2241 petition a prisoner may seek relief from such things as the administration of his parole, computation of his sentence by parole officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated." Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

### IV. ANALYSIS

Under the Prison Litigation Reform Act (PLRA), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies. 42 U.S.C. § 1997e(a). "Federal prisoners must exhaust their administrative remedies prior to filing § 2241 petitions. Failure to exhaust may only be excused upon a showing of cause and prejudice." McClung v. Shearin, 90 F. App'x 444, 445 (4th Cir. 2004) (citing Carmona v. United States Bureau of Prisons, 243 F.3d 629, 634-35 (2d Cir.2001), Little v. Hopkins, 638 F.2d 953, 953-54 (6th Cir.1981)). Exhaustion as provided in § 1997e(a) is mandatory, regardless of the relief offered through administrative procedures. Booth v. Churner,

5

532 U.S. 731, 741 (2001).  Because exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted *prior to* filing a complaint in federal court. Porter v. Nussle, 534 U.S. 516, 524 (2002) (citing Booth, 532 U.S. at 741).  "Those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter, 534 U.S. at 524.

Although generally, the exhaustion of administrative remedies should be raised by the defendant as an affirmative defense, if the failure to exhaust is apparent from the face of the complaint, the court has the authority under 28 U.S.C. § 1915 to dismiss the case sua sponte.  Custis v. Davis, 851 F.3d 358, 361 (2017) ("A court may sua sponte dismiss a complaint when the alleged facts in the complaint, taken as true, prove that the inmate failed to exhaust his administrative remedies.")

The petition twice states that administrative proceedings are pending.  First, Petitioner states that his third BP-9 is pending.  ECF No. 1 at 7.  Second Petitioner states that his BP-10 which he labels as "sensitive" is pending.  Id.  Petitioner confirms that those matters are pending on the following page.  Id. at 8. Thus, the failure to exhaust is clear on the face of the petition and the sua sponte dismissal of this action is appropriate.

## V.  RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that the Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF No. 1] be **DENIED** and that the § 2241 proceeding be **DISMISSED WITHOUT PREJUDICE**.

Within fourteen (14) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections.

Objections shall identify each portion of the magistrate judge's recommended disposition that is being challenged and shall specify the basis for each objection. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.  A copy of any objections shall also be submitted to the Honorable Gina M. Groh, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Report and Recommendation completes the referral from the District Court. The Clerk is directed to terminate the Magistrate Judge's association with the case.

The Clerk is directed to provide a copy of this Report and Recommendation to the parties who appear *pro se* and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**DATED:** September 19, 2018

ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE