**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**KEVIN FLYTHE**,

    Petitioner,

v.                                           **CIVIL ACTION NO.: 3:18-CV-57
(GROH)**

**JENNIFER SAAD,**

    Respondent.

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Pending before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Robert W. Trumble. ECF No. 13. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Trumble for submission of a proposed R&R. Magistrate Judge Trumble issued his R&R on September 19, 2018. In his R&R, Magistrate Judge Trumble recommends that the Petitioner's § 2241 petition [ECF No. 1] be denied and dismissed without prejudice.

**I. Background**

The Petitioner in this case was convicted by a jury in the District of Columbia Superior Court of five felony charges, Counts 2-6. He was initially sentenced on or about March 15, 1995. Following an appeal, he was resentenced on February 23, 1999 for Counts 2, 4 and 6.[1] A third resentencing hearing was held on March 21, 2003 where petitioner was resentenced to not less than 10 years nor more than 30 years for Count 2, and to not less than 30 years to life for his conviction for Count 6, which included

---

[1] As Magistrate Judge Trumble notes, it appears Counts 3 and 5 were disposed of on appeal.

mandatory minimum application.[2] In the instant petition, Petitioner requests the Court to instruct Jennifer Saad, Warden, to calculate his good time credits consistent with the District of Columbia's Good Time Credit Act.

## II. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a *de novo* review of the magistrate judge's findings where objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge to which no objection is made. Thomas v. Arn, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review and of a Petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

Objections to Magistrate Judge Trumble's R&R were due within fourteen plus three days of service. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Petitioner filed his objections on October 9, 2018. ECF No. 15. Having timely filed objections, the Court will conduct a *de novo* review of the portions of the R&R to which the Petitioner objects.

## III. Discussion

Magistrate Judge Trumble recommended that the petition be dismissed because Petitioner has failed to exhaust all available administrative remedies. Specifically, Petitioner states in his petition that he still has two administrative proceedings pending. Petitioner makes three objections to the R&R, two of which have no bearing on the magistrate judge's decision in dismissing the case. In Petitioner's third objection, he

---

[2] Petitioner was not resentenced on Count 4, which Petitioner was previously sentenced to not less than 5 years nor more than 15 years.

argues that both administrative remedies relied upon in dismissing this action have been exhausted. Further, he states that "the attachments that was presented within the Petitioner's petition shows that the BP-9 was <u>denied</u> and the SENSITIVE BP-10's <u>response</u> was to complete the process." ECF No. 15 at 2.

The first and second BP-9 rejections state "you may resubmit your request in proper form within 5 days of the date of this rejection notice." Petitioner states in his petition that both of these were denied, but further states that the third BP-9 is still pending. The Petitioner has not set forth information regarding the third BP-9 being dismissed. Furthermore, Petitioner does not provide the Court with information regarding the resolution or dismissal of BP-10. Petitioner stated in his petition that his BP-10 was also still pending. Review of the petition and objections shows a failure to exhaust all administrative remedies prior to filing the instant § 2241 petition.

## IV. Conclusion

Accordingly, upon careful review, the Court **ORDERS** that Magistrate Judge Trumble's Report and Recommendation [ECF No. 13] is **ADOPTED** for the reasons more fully stated therein. The Petitioner's § 2241 Petition [ECF No. 1] is **DENIED** and **DISMISSED WITHOUT PREJUDICE.**

The Petitioner has not met the requirements for issuance of a certificate of appealability. A court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). If a district court denies a petitioner's claims on the merits, then "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." <u>Slack v. McDaniel</u>, 529

U.S. 473, 484 (2000).  "If, on the other hand, the denial was procedural, the petitioner must show 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'"  United States v. McRae, 793 F.3d 392, 397 (4th Cir. 2015) (quoting Slack, 529 U.S. at 484).  Here, upon a thorough review of the record, the Court concludes that the Petitioner has not made the requisite showing.

The Clerk is **DIRECTED** to strike this matter from the Court's active docket.  The Clerk is further **DIRECTED** to transmit copies of this Order to all counsel of record herein and to mail a copy of this Order to the *pro se* Petitioner by certified mail, return receipt requested.

**DATED**: October 31, 2018

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE